INLAND CREDIT CORPORATION, Respondent-Appellant, v EUGENE WEISS, Appellant-Respondent.—Order, Supreme Court, New York County, entered June 24, 1977, denying defendant's motion to dismiss the complaint and plaintiff's cross motion for summary judgment on its first cause of action, unanimously modified, on the law, to the extent of granting summary judgment to plaintiff on the first cause of action, and, except as thus modified, affirmed, with $60 costs and disbursements of this appeal payable to plaintiff by defendant. In this action brought to enforce defendant's "absolute, continuing, unconditional and unlimited" personal guarantee of certain advances made by plaintiff to Bridgewater, it is clear that the latter is in default on its debt to plaintiff in the sum of $40,000. In the summer of 1974, plaintiff, a commercial lender, took over the funding of a $1,900,000 construction loan commitment to Bridgewater when, for reasons not disclosed in this record, the original lender decided not to make any further advances. Defendant became a guarantor. At the closing of the permanent mortgage, the lender withheld $40,000 in escrow to secure the completion of certain unfinished construction. This left Bridgewater $40,000 in default in the payment of its debt to plaintiff. Unless the note given by Bridgewater to evidence the debt and construction mortgage were discharged and satisfied of record the permanent lender would not close. Rather than abort a $2,000,000 transaction, plaintiff executed a satisfaction of the construction mortgage and delivered the underlying note to the title company. A representative of the latter, also serving as Bridgewater's lawyer, marked the note "paid." Defendant contends that plaintiff's return of Bridgewater's promissory note and release of the construction mortgage discharged the security and the debtor, thereby discharging the guarantor, as well. Defendant further contends that plaintiff's release of the note and mortgage destroyed his right of subrogation, thereby discharging him for that reason as well. Defendant is liable as guarantor regardless of whether plaintiff has discharged Bridgewater on the underlying debt. The guarantee contained a provision authorizing plaintiff, as lender, without notice or consent from the guarantor, to release the underlying debt and/or the collateral without in any way affecting or discharging defendant's liability as guarantor. Such a clause, by which a surety waives his discharge by the release of the principal debtor or the collateral, has been upheld by this court (*Franklin Nat. Bank v Skeist,* 49 AD2d 215) and the Court of Appeals (*Indianapolis Morris Plan Corp. v Karlen,* 28 NY2d 30). Nor do we find that paragraph 8.04 of the guarantee which expressly recognizes defendant's right of subrogation in the underlying debt—a right recognized as a matter of equity (see *Catskill Nat. Bank v Dumary,* 206 NY 550, 559)—abrogates the right of plaintiff to release the collateral and underlying Bridgewater debt without discharging the surety. Contrary to defendant's contentions, the two clauses are not incompatible. In any event, it is clear on this record that plaintiff has not discharged the underlying Bridgewater debt. Clearly the return of the note and release of the mortgage were not intended to discharge Bridgewater's debt but were for the sole purpose of clearing title so that the permanent mortgage could close. Moreover, by its express terms, defendant's guarantee applied to Bridgewater's debt, not its note, which was only evidence of that debt. Even if the return of the note were to be considered as satisfaction thereof, it is beyond dispute here that the underlying debt

was not extinguished. (See *Winsted Bank v Webb,* 39 NY 325.) Inasmuch as no triable issues of fact exist, plaintiff should have summary judgment on its first cause of action. The second cause of action is not ripe for summary resolution. Settle order on notice. Concur—Kupferman, J. P., Fein, Lane, Sandler and Sullivan, JJ.