■ DANALI ENTERPRISES, INC., Appellant, v MICHAEL STAUB et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Klein, J.), entered June 9, 1988 in Ulster County, which, inter alia, upon reargument and renewal, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff sold its manufacturing business, including real property, plant and equipment, to M & I Wood Enterprises, Inc. (hereinafter referred to as the purchaser) in 1980, and received in payment therefor $50,000 in cash and a note for $225,000 (the purchase-money note). That note was secured by a purchase-money mortgage on the realty and a security agreement covering corporate personalty. Plaintiff also conveyed its inventory to the purchaser in exchange for a separate, unsecured note for $15,595 (the inventory note). As further security defendants, the principal owners of the purchaser, executed a guarantee of the payment of the purchaser's obligation under the purchase-money note and mortgage. Although the instrument referred to the guarantee as being unconditional, it provided that, before proceeding under the

guarantee, plaintiff must first pursue its remedies against the purchaser and "enforce and exhaust its rights first on the purchase money mortgage and security agreement".

When the purchaser subsequently defaulted in payments, plaintiff brought suit against the purchaser by motion for summary judgment in lieu of complaint (see, CPLR 3213) on both the purchase-money note and the inventory note. Plaintiff joined a cause of action against defendants based upon the guarantee. Supreme Court (Kahn, J.) denied summary judgment on the purchase-money note, ruling that it was actually a mortgage bond and, thus, not within the purview of a motion for summary judgment in lieu of complaint. The court found no such impediment as to the action on the inventory note and granted judgment against the purchaser for the unpaid balance thereof, plus interest. The court also granted defendants' cross motion for dismissal of the action against them as guarantors, on the ground that plaintiff had not complied with the guarantee's provision requiring prior enforcement and exhaustion of its rights under the purchase-money mortgage and, hence, its claim against defendants was premature.

Plaintiff thereafter served a summons and complaint upon the purchaser and obtained summary judgment for the principal balance of the purchase-money note, plus interest and costs, totaling over $239,000. Plaintiff also sought to enforce its earlier judgment on the inventory note by execution against the purchaser's real and personal property covered by the purchase-money mortgage and security agreement. A subsidiary of plaintiff purchased the real property at a Sheriff's sale for $1,000, after which the subsidiary was merged into plaintiff. The public sale of personalty yielded some $24,000.

Plaintiff then again brought suit on the guarantee through a motion for summary judgment in lieu of complaint. Supreme Court ruled that this was a suit on the guarantee of a ·mortgage bond and, therefore, was not appropriately brought through a motion for summary judgment in lieu of complaint. However, it denied defendants' cross motion for summary judgment, which was based upon a construction of the guarantee to require plaintiff to have first foreclosed on the purchase-money mortgage. Defendants moved for reargument and renewal in which they submitted proof that, subsequent to the submission of the original motion, plaintiff sold the corporate property it acquired through the Sheriff's sale to a third party for $30,000 and, as part of the transaction, executed a satisfac-

tion of the purchase-money mortgage. While this motion was pending plaintiff served a verified complaint, to which defendants responded by moving to dismiss on essentially the same grounds as they had advanced on the then-pending motion for reargument and renewal.

Supreme Court granted defendants' motions in all respects. The main ground for the court's decision was its interpretation of the guarantee's clause regarding exhaustion of rights on the purchase-money mortgage, to require a suit to foreclose the mortgage, which had become impossible since plaintiff had satisfied the mortgage. Hence, the court concluded, plaintiff's action on the guarantee must fail for noncompliance with a condition precedent. This appeal by plaintiff ensued.

We reverse the granting of summary judgment to defendants. Although the language of the exhaustion clause in the guarantee is certainly subject to being construed to make foreclosure of the purchase-money mortgage a condition precedent to recovery under the guarantee, there are other provisions of the guarantee which appear to conflict with this construction. Thus, the guarantee provides that "the obligations of the [g]uarantors shall not be affected by * * * any action taken under the bond and mortgage in the exercise of any right or remedy therein conferred, or by any invalidity or non-enforceability thereof, or by any other circumstance whatsoever * * * which may in any manner vary the risk of the [g]uarantors". Quite obviously, it is difficult to reconcile the requirement, on the one hand, that plaintiff enforce and exhaust its remedy of foreclosure of the mortgage as a condition precedent to a suit on the guarantee with the provision, on the other hand, that the guarantors' obligation is unaffected by the "non-enforceability" of the mortgage. Moreover, plaintiff's submission on the motion to renew and reargue includes an affidavit claiming that the parties' understanding of the exhaustion clause was that plaintiff was only required to look first to the corporate property to satisfy the debt before recourse to the guarantee. The apparent conflicts and inconsistencies in the terms of the instrument already noted justify resort to extrinsic evidence on the meaning of the clause in question, and plaintiff's asserted interpretation is sufficient to create an issue of fact precluding summary judgment (see, Barrow v Lawrence United Corp., 146 AD2d 15, 21).

Alternatively, defendants argue that, on the doctrine of collateral estoppel, the first decision of Supreme Court (Kahn, J.), dismissing plaintiff's cause of action on the guarantee as premature, is conclusive with respect to foreclosure of the

mortgage as a condition precedent to recovery on the guarantee. We disagree. Even if the decision can be read as so interpreting the guarantee, the suit Supreme Court dismissed was brought before plaintiff had taken *any* action to enforce the debt against corporate property. Thus, the conclusion that the suit was premature could have been reached without having to accept defendants' version of the guarantee. It follows that a definitive interpretation of the clause at issue was not *necessarily* determined on the prior dismissal and, therefore, should not be given collateral estoppel effect *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *Allen v Rivera,* 125 AD2d 278, 280; *Nassau Roofing & Sheet Metal v Facilities Dev. Corp.,* 115 AD2d 48, 51). Finally, defendants repeat their argument before Supreme Court that the execution of the satisfaction of mortgage operated either to discharge them as guarantors or discharge the underlying debt itself. Again, however, the foregoing discussion demonstrates that there are outstanding issues of fact concerning plaintiff's purpose in executing the satisfaction and as to its effect under the language of the guarantee *(see, Inland Credit Corp. v Weiss,* 63 AD2d 640, *appeal dismissed* 46 NY2d 849). Hence, the execution of the satisfaction does not, as a matter of law, require summary judgment.

Order modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint upon reargument and renewal; said motion denied; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.