OPINION OF THE COURT
Bellacosa, J.
The common issue in these three jointly considered cases is whether a Medicaid ineligibility period must be fixed as of the first day of the month in which an improper asset transfer takes place, or whether, at the State’s option, it may be set as of the first day of the month after the transfer occurred. The Department of Social Services used the latter eligibility option, which resulted in less benefits being allowed to the petitioners by reason of the financial penalty imposed. We conclude that DSS acted within its authority and that the pertinent statutory schemes permit the State to measure the ineligibility period as of the first day of either the month of the transfer or the following month. Thus, we reverse the respective orders of the Appellate Division, and reinstate the determinations made by DSS in each case.
After fair hearings, the Suffolk County DSS fixed respective periods of ineligibility for Medicaid adversely to petitioners. Petitioners brought administrative challenges to review the financial aid consequences that ensued. They argued that their respective ineligibility periods were improperly set on the first day of the month following the initial below-market asset transfers. The State DSS sustained the County DSS determinations in each case.
Petitioners thereafter commenced these CPLR article 78 proceedings, arguing primarily that the pertinent Federal statutory structure and, therefore, the parallel State provisions *521 require that ineligibility periods must commence on the first day of the month in which the asset transfer occurred. Supreme Court granted each petition, annulled the agency determinations and directed it to recalculate the penalty periods by measuring ineligibility as of the month of the initial transfer. After the Appellate Division affirmed in each case as pertinent to this appeal, this Court granted DSS leave to appeal, and we now reverse.
The factual background in each case is similar. Petitioner Brown was institutionalized in February 1995 and applied for Medicaid on April 26, 1995, requesting eligibility as of May 1, 1995. DSS approved the application but found that uncompensated transfers occurred during the three-year look-back period, specifically November 1994 through March 1995. Accordingly, DSS calculated an ineligibility period of 8.46 months, which it measured from December 1, 1994. Brown was given an eligibility date of August 1, 1995.
Petitioner Schmidt was institutionalized in September 1994 and applied for Medicaid on June 13, 1995, requesting eligibility as of June 1995. DSS approved the application but found that an uncompensated transfer had occurred during the look-back period, in August 1993. Accordingly, DSS calculated an ineligibility period of 22.486 months, which it measured from September 1, 1993. Schmidt was given an eligibility date of July 1, 1995.
Petitioner Waldron was institutionalized in September 1994 and applied for Medicaid on October 24, 1995, requesting eligibility as of October 1995. DSS approved the application but found that uncompensated transfers had occurred during the look-back period, specifically February and April 1995. Accordingly, DSS calculated an ineligibility period of 8.78 months, which it measured from March 1, 1995. Waldron was given an eligibility date of December 1, 1995.
Federal law requires States to deny Medicaid benefits during a penalty period to applicants who have made below-market transfers of assets within three years prior to applying for Medicaid (42 USC § 1396p [c] [1] [A]). The control date for commencement of the penalty period is defined as follows:
“The date specified in this subparagraph is the first day of the first month during or after which assets have been transferred for less than fair market value and which does not occur in any other periods of ineligibility under this subsection” (42 USC § 1396p [c] [1] [DD.
*522 The State statute’s parallel provision provides in pertinent part:
“The period of ineligibility shall begin with the first day of the first month during or after which assets have been transferred for less than fair market value, and which does not occur in any other periods of ineligibility under this paragraph” (Social Services Law § 366 [5] [d] [4]).
These cases present a question of pure statutory construction. In such controversies, “ ‘legislative intent is the great and controlling principle,’ ” and the “proper judicial function is to ‘discern and apply the will of the Legislature’ ” (Matter of Scotto v Dinkins, 85 NY2d 209, 214 [citations omitted]; see also, Griffin v Oceanic Contrs., 458 US 564, 570). The Court’s threshold inquiry in this regard is how to discern the legislative intent. When an enactment displays a plain meaning, the courts construe the legislatively chosen words so as to give effect to that Branch’s utterance (see, Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98; see also, Griffin v Oceanic Contrs., supra).
Here, the language and authorization of the pertinent Federal statute are “reasonably plain” (Griffin v Oceanic Contrs., supra, at 570; Negonsott v Samuels, 507 US 99, 104). The commencement date for the period of ineligibility is expressed in the alternative — ineligibility may commence the first day of the month during which a transfer occurs or the first day of the month after which the transfer occurred. This use of a disjunctive is particularly significant in view of the fact that the prior version of the statute provided only that the “period of ineligibility shall begin with the month in which such resources were transferred” (42 USC § 1396p [former (c)] [1]).
Petitioners contend that the authorizing use of “or” is not sufficient support for the State’s theory. They argue that if the statute meant what DSS urges, the statute would state that the ineligibility period may commence on the first day of the month in which the transfer occurred, “or at the option of the State” it may commence on the first day of the following month. The use of the term “or,” however, is reasonably plain and persuasive, without the additional words petitioners propose. Indeed, this Court has recently endorsed the availability of an option with respect to a statute that stated much less (see, Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 663 [analyzing a statute that was “entirely silent” as to the statutory question involved]). By complementary operation *523 of the statutes here, we are satisfied that the agency was authorized to determine the commencement date of each of petitioners’ ineligibility periods as of the month following the asset transfer. This statutory construction is an a fortiori extension of Golf.
Petitioners further argue that the phrase “during or after” was simply placed into the statutory scheme to eliminate concurrent penalty periods. They build this claim on a view that the latter part of the ineligibility date provision requires that the critical date “does not occur in any other periods of ineligibility under this subsection” (42 USC § 1396p [c] [1] [D]). DSS offers a compelling response: 1993 Federal amendments included a separate section to address the procedure for calculating penalty periods so as to ensure consecutive, rather than concurrent, periods (42 USC § 1396p [c] [1] [E]).
Petitioners’ reading of subdivision (c) (1) (D) would effectively render subdivision (c) (1) (E) of section 1396p meaningless — a transgression of a standard statutory interpretation canon. Since courts must read statutes so as to give effect to all their parts, it behooves this Court to conclude that subdivision (c) (1) (D) was not enacted solely to address the issue of concurrent eligibility periods.
Despite the obvious use of the dual authorization by the use of “or” in the statute and the patently superfluous consequence of petitioners’ interpretive theory, petitioners urge that we resort to Federal legislative history to resolve “any purported ambiguity” and support their “no option” thesis. While we do not find the language ambiguous, we note that the proffered information does not, in any event, support petitioners’ theory.
Petitioners cite a portion from the House Conference Report regarding the Budget Reconciliation Act, which states that “[t]he period of delay begins with the first month during which the assets were disposed of’ (HR Conf Rep No. 103-213, 103d Cong, 1st Sess 3, reprinted in 1993 US Code Cong & Admin News 1088, 1523). This statement does not support the “no option” position on which petitioners and the lower courts rely. The “period of delay” technically begins with the first month regardless of whether the interpretation urged by petitioner or DSS is utilized — the question is whether the “first day” of ineligibility falls within that month or the month immediately thereafter.
DSS also urges a “backup” statutory construction position through the operation of a Federal agency’s interpretation of *524 the legislation — a step that is, again, unnecessary to our straight line disposition, but also provides some support for the ultimate decision we reach. If the Federal statute was construed as ambiguous, it would be proper to utilize a rational interpretation by the agency responsible for administering the statute — in this case, the Health Care Financing Administration (HCFA) (see, Chevron U. S. A. v Natural Resources Defense Council, 467 US 837). This Court has previously relied on positions taken by the HCFA and we, therefore, gave some deference to a State agency’s determination that comported with the Federal agency’s interpretation (see, Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 666-667, supra; Cricchio v Pennisi, 90 NY2d 296, 309). Here, the HCFA construction interprets the commencement of the penalty period as “the first day of the month in which the asset was transferred (or, at State option, the first day of the month following the month of transfer)” (HCFA State Medicaid Manual § 3258.5 [A], at 3-3-109.7).
Federal law plainly provides the choice of ineligibility commencement dates, as urged by the County and State DSS, and the same statutory provisions are mirrored in the pertinent State statute (see, Social Services Law § 366 [5] [d] [4]). We are therefore satisfied that the agency did not err in its determinations.
Accordingly, the respective orders of the Appellate Division should be reversed, without costs, and each petition should be dismissed.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
In each case: Order reversed, etc.