■ EARL P. KINVILLE, JR., Appellant, v JARVIS REAL ESTATE HOLDINGS, LLC, et al., Respondents, and MANUFACTURERS AND TRADERS TRUST COMPANY, Intervenor-Respondent. [833 NYS2d 773]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 17, 2005. The order denied plaintiff's motion for summary judgment and granted the cross motion of defendant-intervenor for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is denied, the amended complaint is reinstated, the motion is granted, plaintiff is granted judgment against defendants and the matter is remitted to Supreme Court, Onondaga County, for a hearing in accordance with the following memorandum: Plaintiff commenced this action alleging, inter alia, that defendant Jarvis Real Estate Holdings, LLC (Jarvis) defaulted on its promissory note to plaintiff and that defendant Lynn K. Dew defaulted as the guarantor on two promissory notes. It is undisputed that both notes were in default. According to defendants, however, plaintiff executed two subordination agreements at the closing of the sale of his business to Bruce J. Dew, Jr., and plaintiff therefore is not entitled to pursue his remedies against defendants because his interests were thereby subordinated to the interests of defendant-intervenor, Manufacturers and Traders Trust Company (M & T). Supreme Court erred in granting the cross motion of M & T for summary judgment seeking dismissal of the amended complaint as well as judgment on its counterclaim against plaintiff "in an amount to be determined" by the court, and we conclude that the court instead should have granted plaintiff's motion for summary judgment.

The purchase agreement between plaintiff and Bruce Dew, Jr. provided that Bruce Dew, Jr. would obtain bank financing and that plaintiff "agrees to execute the subordination document(s) requested by Buyer's lender" as a condition of closing. Plaintiff signed two subordination agreements at the closing, one listing plaintiff as the "CREDITOR," M & T as the "LENDER" and Bruce Dew, Jr. as the "BORROWER," and the other listing plaintiff as the "CREDITOR," M & T as the "LENDER" and Kinville, Ltd. as the "BORROWER."

Each agreement defines the term subordinated obligations in relevant part as "any and all obligations owed by *Borrower to Creditor* whether now existing or hereafter incurred of every kind and character, whether such obligations are . . . direct, indirect, primary, absolute, secondary, contractual, tortious, liq-

uidated, unliquidated, contingent, secured, unsecured, matured or unmatured, by guarantee or otherwise" (emphasis added).

In addition, section 7 of each agreement requires that "Creditor will not, unless and until the Primary Obligations are fully paid and satisfied and all financial and other arrangements between Lender and Borrower have been terminated: (i) accelerate, request, demand, take, accept, or receive *from or on behalf of Borrower*, by setoff or in any other manner, any monies representing all or any part of the Subordinated Obligations," with exceptions not relevant herein (emphasis added).

It is a fundamental rule of contractual interpretation that "circumstances extrinsic to [an unambiguous contract] will not be considered when the intention of the parties can be gathered from the instrument itself" (*West, Weir & Bartel v Mary Carter Paint Co.*, 25 NY2d 535, 540 [1969], *rearg denied* 26 NY2d 883 [1970], *mot to amend remittitur granted* 26 NY2d 969 [1970]). In addition, it is well established that, "[a]bsent some indicia of fraud or other circumstances warranting equitable intervention, it is the duty of a court to enforce rather than reform the bargain struck" (*Grace v Nappa*, 46 NY2d 560, 565 [1979], *rearg denied* 47 NY2d 952 [1979]). "It is not for the court to enlarge the meaning of the words in the contract so as to correct [an] oversight" (*Firtell v Crest Bldrs.*, 159 AD2d 352, 352 [1990]).

"Under . . . New York law, a guarantee agreement is separate and distinct from the contract between lender and borrower" (*Marcus Dairy v Jacene Realty Corp.*, 225 AD2d 528, 528 [1996]). Here, according to the terms of the subordination agreements, plaintiff, as creditor, was not entitled to "initiate or participate" in any action against the borrowers, Bruce Dew, Jr. and Kinville, Ltd. "[I]t does not follow[, however,] that the guarantor[, Lynn Dew,] is similarly immune from suit" (*Standard Brands v Straile*, 23 AD2d 363, 367 [1965]), nor does it follow that Jarvis, a separate legal entity from Bruce Dew, Jr., is immune from suit based on the subordination agreements, which contain no reference to Jarvis. The subordinated obligations are those of borrowers Bruce Dew, Jr. and Kinville, Ltd. to plaintiff, and the obligations of Jarvis and Lynn Dew to plaintiff are separate and distinct from the obligations of the "borrowers" defined in the subordination agreements. While M & T could have required plaintiff to execute subordination agreements that covered the obligations of Jarvis and Lynn Dew, M & T failed to do so.

We further conclude that section 7 of each agreement does not warrant granting M & T's cross motion. The guarantees executed by Lynn Dew are obligations separate and distinct from

the obligations of the borrowers referenced in the subordination agreements, and thus section 7 does not preclude plaintiff from demanding payment from Lynn Dew or Jarvis because neither is a borrower within the meaning of that section. We therefore reverse the order, deny M & T's cross motion, reinstate the amended complaint, grant plaintiff's motion, grant plaintiff judgment against defendants and remit the matter to Supreme Court for a hearing on damages, including attorneys' fees. Present—Gorski, J.P., Lunn, Peradotto and Pine, JJ.