# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

835
CA 13-01599
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MICHAEL J. CARLSON, SR., INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE OF CLAUDIA
D'AGOSTINO CARLSON, DECEASED, AND AS ASSIGNEE
OF WILLIAM PORTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AMERICAN INTERNATIONAL GROUP, INC., ET AL.,
DEFENDANTS,
AND AMERICAN ALTERNATIVE INSURANCE CO.,
DEFENDANT-APPELLANT.

---

RUBIN, FIORELLA & FRIEDMAN LLP, NEW YORK CITY (PAUL KOVNER OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BROWN CHIARI LLP, LANCASTER (EDWARD J. MARKARIAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered December 4, 2012.  The order, insofar
as appealed from, denied the cross motion of defendant American
Alternative Insurance Co. to dismiss the first cause of action against
it.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the cross motion is
granted in part, and the first cause of action against defendant
American Alternative Insurance Co. is dismissed.

Memorandum:  Plaintiff commenced this action pursuant to
Insurance Law § 3420 (a) (2) to collect on certain insurance policies
after a second amended judgment against MVP Delivery and Logistics,
Inc. (MVP) and William Porter was entered upon a jury verdict (*see
Carlson v Porter* [appeal No. 2], 53 AD3d 1129, *lv denied* 11 NY3d 708).
Defendant American Alternative Insurance Co. (AAIC) issued a
commercial umbrella policy to Airborne, Inc. and later changed the
named insured to DHL Express, Risk Management (DHL).  AAIC cross-moved
to dismiss, inter alia, the first cause of action of the complaint
against it, which alleged that AAIC was responsible to plaintiff for
payment of the judgment pursuant to Insurance Law § 3420 (a) (2) and
(b).

Supreme Court erred in denying that part of the cross motion.
"[T]he right to sue a tortfeasor's insurance company to satisfy a

judgment obtained against the tortfeasor" exists only pursuant to Insurance Law § 3420 (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 352). Here, plaintiff may not recover against AAIC pursuant to section 3420 (a) (2) because the policy was not "issued or delivered in this state" (*id.*). The parties and the court have improperly conflated the phrase "issued or delivered" with "issued for delivery," which was used in the former version of Insurance Law § 3420 (d), and therefore the definition of "issued for delivery" is not relevant here (*see Preserver Ins. Co. v Ryba*, 10 NY3d 635, 642). The policy here was issued in New Jersey and delivered in Seattle, Washington, and then in Florida. It was not issued or delivered in New York, and therefore the first cause of action of the complaint against AAIC must be dismissed (*cf. American Cont. Props. v National Union Fire Ins. Co. of Pittsburgh*, 200 AD2d 443, 446-447).

Contrary to plaintiff's alternative contention (*see Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), he may not seek payment of the judgment against AAIC pursuant to the MCS-90 endorsement. That federally-mandated endorsement provides, inter alia, that "the insurer . . . agrees to pay . . . any final judgment recovered against the insured" (49 CFR 387.15; *see Pierre v Providence Washington Ins. Co.*, 99 NY2d 222, 225-226, 228). In *Pierre*, the Court held that any entity meeting the insurer's definition of an "insured" under the policy qualified as an "insured" under the MCS-90 endorsement (*id.* at 230-231). After that decision was rendered, the Federal Motor Carrier Safety Administration (FMCSA), which regulates the interstate trucking industry, defined the term "insured" on the MCS-90 endorsement as the named insured only (*see* 70 Fed Reg 58065-58066). Insurance companies had sought regulatory guidance from FMCSA in response to federal and state court decisions, including *Pierre*, regarding the definition of the term "insured" as used in the MCS-90 form (*see* 70 Fed Reg 58066). FMCSA stated that form MCS-90 was "not intended, and do[es] not purport, to require insurance companies or sureties to satisfy a judgment against any party other than the motor carrier named in the endorsement or its fiduciary" (*id.*). It is well settled that "[a]n agency's interpretation of its own regulation 'is entitled to deference if that interpretation is not irrational or unreasonable' " (*Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 10 NY3d 474, 481; *see Matter of Brown v Wing*, 93 NY2d 517, 524; *Matter of Rodriguez v Perales*, 86 NY2d 361, 367). We give such deference to FMSCA's interpretation of "insured" on the MCS-90 form, and we conclude that plaintiff cannot seek payment of the judgment against AAIC on behalf of either MVP or Porter, neither of whom are named insureds on the AAIC policy (*see Armstrong v U.S. Fire Ins. Co.*, 606 F Supp 2d 794, 825-826).

Entered: July 2, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court