(May 24, 2017)

■ 41 Clinton Avenue Realty Corp., Appellant, v Schneur Silver, Respondent. [52 NYS3d 650]—

In an action to recover upon a personal guaranty, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Wade, J.), dated February 19, 2016, as denied its motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Kings County, for a calculation of the amount of damages.

The plaintiff, as landlord, entered into a five-year commercial lease dated May 1, 2013, with nonparty Silver Erectors Corp. (hereinafter SEC), as tenant. The defendant was and is the President of SEC. Paragraph 19 of the lease incorporated by reference the defendant's personal guaranty of rent obligations. The guaranty provided, inter alia, that the defendant "unconditionally, absolutely and irrevocably guarantees to Lessor" the prompt payment of rent and other defined incidentals. The guaranty was further defined as "an absolute and unconditional guaranty of payment" which could not be amended or waived absent a writing signed by the plaintiff, as lessor. The guaranty was defined as a continuing one that remained in full force and effect "until the payment, performance and/or observance in full of the Obligations and all other amounts payable under this Guaranty."

In April 2014, SEC breached its payment obligations, resulting in a summary nonpayment proceeding, whereby a warrant of eviction and a money judgment were issued against SEC. Prior to SEC being evicted, the plaintiff and SEC entered into a stipulation staying the warrant of eviction in exchange for the immediate payment to the plaintiff of certain funds held in escrow and a new monthly payment schedule. Thereafter, SEC missed the payments that were due under the stipulation for March, April, and May 2015. The plaintiff commenced this action to recover upon the defendant's guaranty. The plaintiff moved for summary judgment on the complaint, and the Supreme Court, inter alia, denied the motion. The plaintiff appeals.

In support of its motion, the plaintiff demonstrated, prima facie, the existence of the defendant's absolute and uncondi-

tional guaranty, the underlying debt in the form of the stipulation, and the defendant's failure to perform under the guaranty (*see* CPLR 105 [u]; *H.L. Realty, LLC v Edwards*, 131 AD3d 573, 574 [2015]; *City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1998]). In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense to nonpayment (*see Cadlerock Joint Venture, L.P. v Homesell, Inc.*, 136 AD3d 853, 854 [2016]). The defendant's only argument on appeal is that a Surrender Declaration, signed only by the defendant, contained language relieving him of the guaranty at the time SEC eventually vacated the premises. Although this argument is raised for the first time on appeal, we nonetheless reach the issue as a question of law apparent on the face of the record, which could not have been avoided if raised at the proper juncture (*see Goldman & Assoc., LLP v Golden*, 115 AD3d 911, 912 [2014]; *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 617 [2012]). However, this contention is without merit. Since the plaintiff, as lessor, never signed the Surrender Declaration, its language purporting to relieve the defendant of his obligations as guarantor is not enforceable under the Amendment and Waiver language set forth in Paragraph f of the guaranty.

Since the record is unclear regarding how much of the guaranteed debt remains unpaid, we remit the matter to the Supreme Court, Kings County, for a calculation of the amount of money damages. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.