Pitsy, LLC v Rindenow (2018 NY Slip Op 07340)





Pitsy, LLC v Rindenow


2018 NY Slip Op 07340


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05110
 (Index No. 8607/14)

[*1]Pitsy, LLC, respondent, 
v
Elliot Rindenow, appellant.


William D. Friedman, Hempstead, NY, for appellant.
Hersh Jakubowitz, Flushing, NY (David Jakubowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover on a guaranty, the defendant appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated February 16, 2017. The order granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff leased a residential apartment to the defendant's mother at an agreed monthly rent, and the defendant executed an absolute and unconditional guaranty of payment by which he guaranteed his mother's full performance under the lease, including the payment of rent. After the mother fell into substantial arrears in her rent payments, the plaintiff commenced a nonpayment proceeding against her in District Court, Nassau County. Although the plaintiff initially obtained a default judgment in that proceeding, the proceeding was stayed pending the determination of a motion by the mother to vacate her default. Thereafter, the plaintiff and the mother entered into a so-ordered stipulation settling the nonpayment proceeding. The stipulation provided, inter alia, that the mother would vacate her apartment by a specified date, and that the plaintiff waived pursuit of the nonpayment proceeding against her. The defendant, although not a party to the proceeding, agreed to the stipulation and signed it.
After the mother vacated the leasehold premises in accordance with the terms of the stipulation, the plaintiff commenced this action against the defendant in the Supreme Court, Nassau County, to recover the amount owed under the lease pursuant to the guaranty. The plaintiff subsequently moved for summary judgment on the complaint, and the court granted the motion.
The absolute and unconditional guaranty in this case was separate and distinct from the underlying lease and constituted an independent agreement that imposed direct and primary obligations of payment on the defendant (see Hyman v Golio, 134 AD3d 992; Kinville v Jarvis Real Estate Holdings, LLC, 38 AD3d 1225, 1227; Davimos v Halle, 35 AD3d 270, 272; City of New York v Clarose Cinema Corp., 256 AD2d 69, 71; Components Direct v European Am. Bank & Trust Co., 175 AD2d 227, 230). Such guaranties "have been consistently upheld by New York courts" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 493).
"On a motion for summary judgment to enforce a written guarantee, the creditor must prove an absolute and unconditional guarantee, the underlying debt, and the guarantor's failure to perform under the guarantee" (United Rentals [N. A.], Inc. v Iron Age Tool Corp., 150 AD3d 1304, 1306; see Denjonbklyn, Inc. v Rojas, 154 AD3d 734, 735; 41 Clinton Ave. Realty Corp. v Silver, 150 AD3d 1053, 1053-1054). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing the subject guaranty, an affidavit and documentary evidence establishing the amount owed, and the defendant's refusal to pay. In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense to the claim. In this regard, the defendant's assertion that the plaintiff waived the underlying debt in the stipulation of settlement in the nonpayment proceeding is without merit, as the clear and unequivocal language of the stipulation recited that the plaintiff was waiving only its right to recover the unpaid rent from the defendant's mother, and the stipulation did not address the defendant's liability under the guaranty. Since "a release of the principal debtor with the surety's consent does not discharge the surety" (Standard Brands v Straile, 23 AD2d 363, 367), the plaintiff's waiver of the right to recover from the defendant's mother did not affect its right to recover pursuant to the unconditional and independent guaranty (see generally APF 286 Mad LLC v Chittur & Assoc. P.C., 132 AD3d 610; Kinville v Jarvis Real Estate Holdings, LLC, 38 AD3d at 1227-1228; Corey v Collins, 10 AD3d 341, 342-343; Nicholas A. Cutaia, Inc. v Buyer's Bazaar, 224 AD2d 952, 954; Inland Credit Corp. v Weiss, 63 AD2d 640). Furthermore, contrary to the defendant's contention, no determination rendered by the District Court during the nonpayment proceeding collaterally estopped the plaintiff from seeking recovery on the guaranty.
In opposition to the plaintiff's prima facie showing as to the specific amount owed, the defendant failed to raise a triable issue of fact (see Reliance Constr. Ltd. v Kennelly, 70 AD3d 418, 419; cf. Moon 170 Mercer, Inc. v Vella, 122 AD3d 544, 545). Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the complaint.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court