Bronx Medical Diagnostic, P.C., as Assignee of Henly Gonzalez, Appellant,
against
Hereford Ins. Co., Respondent. 




Zara Javakov, P.C. (Zara Javakov and Victoria Tarasova of counsel), for appellant.
Goldberg Miller & Rubin (Melissa Brooks and Harlan Schreiber of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Andrew Borrok, J.), entered July 25, 2017. The order, insofar as appealed from as limited by the brief, granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled examinations under oath (EUOs). As limited by its brief, plaintiff appeals from so much of an order of the Civil Court as granted defendant's cross motion.
While plaintiff may have made a specific assertion, that defendant failed to establish that it had timely sought verification in the form of an EUO, for the first time on appeal, we, nonetheless, reach this issue as it is a question of law apparent on the face of the record, which could not have been avoided if raised at the proper juncture (see 41 Clinton Ave. Realty Corp. v [*2]Silver, 150 AD3d 1053, 1054 [2017]; Goldman & Assoc., LLP v Golden, 115 AD3d 911, 912 [2014]; Muniz v Mount Sinai Hosp. of Queens, 91 AD3d 612, 617-618 [2012]; Delta Diagnostic Radiology, P.C. v Citiwide Auto Leasing, 56 Misc 3d 132[A], 2017 NY Slip Op 50924[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
Plaintiff correctly argues that defendant's cross-moving papers failed to establish, as a matter of law, that the first EUO scheduling letter defendant sent to plaintiff had been timely, as defendant's affiant stated that the letter had been mailed more than 30 days after defendant had received the claims at issue (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In view of the foregoing, defendant failed to demonstrate its entitlement to summary judgment based upon plaintiff's failure to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., and ALIOTTA, J., concur.
WESTON, J., dissents and votes to affirm the order, insofar as appealed from, in the following memorandum:
Plaintiff, for the first time on appeal, challenges defendant's EUO scheduling letter as untimely. Since plaintiff never raised this issue in the Civil Court, the issue is not preserved for appellate review, and I see no reason to review it in the interest of justice. Accordingly, I vote to affirm the order, insofar as appealed from. 
With regard to the EUO scheduling letters, plaintiff challenged the sufficiency of the affidavit to establish the protocol for mailing scheduling letters. Plaintiff's contention in the Civil Court was that the dates were not legible on the mailing receipts for the first letter, that the second letter contained a typographical error, and that a signed return receipt was not attached to the papers. Although these were the only arguments advanced by plaintiff concerning the letters, plaintiff now, on appeal, has adopted a completely different strategy by asserting, for the first time, that the request to schedule an EUO was untimely, since the scheduling letter was mailed 39 days after receipt of the initial bill and 38 days after receipt of the third bill. Nothing in plaintiff's submissions before the Civil Court makes any mention of the timeliness of the EUO letters. To the contrary, the focus of plaintiff's arguments was the manner and mechanism of defendant's mailing procedures. To consider plaintiff's newly asserted argument on appeal not only ignores well-established rules of preservation, but undermines considerations of fundamental fairness.
It is a longstanding appellate practice principle that an issue raised for the first time on appeal will not be addressed (see Opalinski v City of New York, 110 AD3d 694, 696 [2013]; Libeson v Copy Realty Corp., 167 AD2d 376 [1990]; Block v Magee, 146 AD2d 730 [1989]). Where, as here, a party had the opportunity to raise an issue in the motion court, but failed to do so, the court should refrain from giving that party another opportunity to prevail on an issue by advancing a new legal theory (see generally Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475 [1998]). Here, plaintiff has raised the timeliness of the EUO in its brief for the first time on appeal without stating any explanation for the failure to raise it in the Civil Court. By addressing an unpreserved issue, we are reversing a judge who never had an opportunity to rule on the issue, encouraging litigants to raise issues for the first time on appeal and exhausting the limited resources available in our appellate courts, given their overloaded case load. We should limit the scope of our review to address issues properly before us. For these reasons, I urge my colleagues to refrain from this practice, and I vote to affirm the order, insofar as appealed from.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019