Department of Hous. Preserv. & Dev. of City of N.Y. v Rosenfeld (2024 NY Slip Op 24233)

[*1]

Department of Hous. Preserv. & Dev. of City of N.Y. v Rosenfeld

2024 NY Slip Op 24233

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : PHILLIP HOM, J.P., WAVNY TOUSSAINT, CHEREÉ A. BUGGS, JJ

2022-379 K C

Department of Housing Preservation and Development 
 of the City of New York, Appellant,
against
Juda Rosenfeld, 180 E. 18 Realty Corp., Also Known as 180 East 18 Realty Corp., and Baruch Rosenfeld, Respondents. 

Dept. Of Housing Preservation & Development (Benjamin H. Pollak, Lauren O'Brien and Melanie T. West of counsel), for appellant.
The Law Offices of Scott Gross, P.C. (Scott Gross of counsel), for respondents.

Appeals from an order of the Civil Court of the City of New York, Kings County (Julie Poley, J.), entered March 22, 2022 and from an order of that court (op 75 Misc 3d 483 [2022]) entered June 24, 2022. The order entered March 22, 2022, insofar as appealed from, granted the branches of respondents' motion seeking summary judgment dismissing the fifth cause of action which sought an "[o]rder finding that respondents committed harassment . . . , placing a Class C Immediately Hazardous Violation for such harassment," and awarding a "judgment for civil penalties . . . for each dwelling unit in which a tenant or any person lawfully entitled to occupancy of such unit has been the subject of the Class C Immediately Hazardous Violation for harassment," and dismissing the sixth cause of action which sought an order "directing respondents to not engage in any future acts of harassment." The order entered June 24, 2022, insofar as appealed from, upon sua sponte amending the March 22, 2022 order in a non-substantive manner, again granted the branches of respondents' motion seeking summary judgment dismissing the fifth and sixth causes of action.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the appeal from the order entered March 22, 2022 is dismissed, as that order was superseded by the order entered June 24, 2022; and it is further,
ORDERED that the order entered June 24, 2022, insofar as appealed from, is reversed, without costs, and the branches of respondents' motion seeking summary judgment dismissing the fifth and sixth causes of action are denied.
The Department of Housing Preservation and Development of the City of New York (HPD) commenced this Housing Part (HP) proceeding to enforce the Multiple Dwelling Law and the Housing Maintenance Code, as set forth in Chapter 2 of title 27 of the Administrative Code of the City of New York. HPD seeks, insofar as is relevant to this appeal, an "[o]rder finding that respondents committed harassment . . . , placing a Class C Immediately Hazardous Violation for such harassment," and awarding "a judgment for civil penalties . . . for each dwelling unit in which a tenant or any person lawfully entitled to occupancy of such unit has been the subject of the Class C Immediately Hazardous Violation for harassment" (fifth cause of action), and an order "directing respondents to not engage in any future acts of harassment" (sixth cause of action). The issue presented on this appeal is whether HPD has the authority to maintain these harassment causes of action.
Respondents moved for, among other things, summary judgment dismissing the fifth and sixth causes of action. In an order entered March 22, 2022, insofar as appealed from, upon consolidating for disposition this motion with nearly identical motions in four other HP proceedings, the Civil Court granted the branches of respondents' motion in this proceeding seeking to dismiss the harassment causes of action, finding that HPD did not have standing to bring them. In an order entered June 24, 2022 (Department of Hous. Preserv. & Dev. of the City of NY v Rosenfeld, 75 Misc 3d 483 [Civ Ct, Kings County 2022]), insofar as appealed from, the Civil Court, upon sua sponte amending the March 22, 2022 order in a non-substantive manner, once again granted the branches of respondents' motion seeking summary judgment dismissing the fifth and sixth causes of action.
HPD appeals from both orders. As the June 24, 2022 order superseded the March 22, 2022 order, the appeal from the March 22, 2022 order is dismissed. 
The Civil Court held that only tenants or other lawful occupants may maintain a cause of action for harassment within the meaning of Administrative Code § 27-2004 (a) (48) (defining harassment) and Administrative Code § 27-2005 (d) (prohibiting owners from engaging in harassment). The Civil Court found that HPD has no authority to maintain causes of action for harassment based upon Administrative Code § 27-2120 (b), which provides that tenants may maintain a private cause of action for harassment, without mentioning HPD's ability to do so. We disagree with the Civil Court's interpretation of Administrative Code § 27-2120. 
The New York City Tenant Protection Act added harassment as a class c immediately hazardous violation (see Administrative Code §§ 27-2004 [a] [48]; 27-2005 [d]; 27-2115 [m] [*2][1]) and created a private right of action by tenants for harassment by adding subdivision b to Administrative Code § 27-2120 in order to expand protection of tenants and the housing stock (see Local Law No. 7 of 2008 of the City of New York, Preamble, §§ 1, 5). However, Administrative Code § 27-2120 (a) has always granted HPD the authority to institute an action for an order requiring the abatement or correction of "any violation of [the] code":
"a. The department may institute an action in a court of competent jurisdiction for an order requiring the owner of property or other responsible person to abate or correct any violation of this code, or to comply with an order or notice of the department, or for such other relief as may be appropriate to secure continuing compliance with this code" (emphasis added). 
Since harassment is now a violation of the code (see Administrative Code § 27-2115 [m] [1]), HPD has the authority to institute an action for an order requiring the owner to abate or correct instances of harassment as defined in the code (Administrative Code § 27-2004 [a] [48]). Administrative Code § 27-2120 (b), which states that "[a]ny tenant, or person or group of persons lawfully entitled to occupancy may individually or jointly apply to the housing part of the civil court for an order restraining the owner of the property from engaging in harassment," creates a new, private cause of action for tenants but in no way limits HPD's authority under Administrative Code § 27-2120 (a). Indeed, Administrative Code § 1-109 states that "[t]he enumeration of specific powers by this code shall not operate to restrict the meaning of a general grant of power contained in this code or to exclude other powers comprehended in such general grant" (see Administrative Code § 1-110 [b] ["(n)o law hereafter enacted shall be construed to repeal any provision of this code by implication, but every such provision shall be deemed to be in full force and effect until specifically repealed or amended"]). Thus, the Civil Court's basis for dismissing the harassment causes of action is without merit. 

Respondents also argue that an intent to limit a harassment cause of action to a tenant-initiated action can be read into two additional portions of the code. First, respondents note that Administrative Code § 27-2115 (m) describes potential affirmative defenses "to an allegation by a tenant of the kind described in subparagraphs b, c and g of paragraph forty-eight of subdivision a of section 27-2004," and argue that this clearly limits harassment actions only to tenants. Respondents further argue that the section providing that owners have the right to recover fees and seek injunctions for frivolous harassment claims commenced by tenants (see Administrative Code § 27-2115 [m] [2], [3]) implies that HPD does not have the authority to commence harassment claims because there is no corresponding provision dealing with potentially frivolous claims brought by HPD. While these contentions are raised for the first time on appeal, they may be reached, as they are questions of law which are apparent on the face of the record and could not have been avoided if raised at the proper juncture (see 41 Clinton Ave. Realty Corp. v Silver, 150 AD3d 1053, 1054 [2017]; Goldman & Assoc., LLP v Golden, 115 AD3d 911, 912 [2014]). We find them unpersuasive in light of the clear language of Administrative Code § 27-2120 (a), which "shall be deemed to be in full force and effect" since it has not been "specifically repealed or amended" and new provisions are not to be "construed to repeal any provision of this code by [*3]implication" (Administrative Code § 1-110 [b]). Moreover, as HPD notes, owners have a similar list of affirmative defenses available to them in Administrative Code § 27-2116 (b) for cases commenced by HPD, as opposed to tenant-commenced proceedings.
Lastly, respondents argue that, even if HPD has standing to maintain this proceeding, it was necessary for HPD to have served a notice of violation for harassment upon respondents prior to commencing this proceeding. However, Administrative Code § 27-2120 (a) gives HPD the authority to commence a proceeding to obtain an order requiring compliance with an order or notice from HPD or an order directing an abatement or correction of any violation of the code. Courts are required to "read statutes so as to give effect to all their parts" (Matter of Brown v Wing, 93 NY2d 517, 523 [1999]; 97 NY Jur 2d, Statutes § 186). Thus, HPD can issue a notice and commence a proceeding to enforce compliance with that notice, but HPD can also simply commence a proceeding to correct a violation with no notice required, as is the case here. Moreover, pursuant to Adminstrative Code § 27-2115 (m) (2), if the Civil Court "finds that conduct [constituting harassment] in violation of § 27-2005 (d) has occurred, it may determine that a class c violation existed at the time that such conduct occurred," and it may award injunctive relief on its own motion or on motion of any party (see Adminstrative Code § 27-2121). 
We decline HPD's request to remit this matter to the Civil Court for it to search the record and award HPD summary judgment on the harassment causes of action. This case is not ripe for summary disposition on this record, as HPD did not cross-move for summary judgment on the harassment causes of action and, therefore, respondents were not yet required to address the merits of those causes of action (see Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]).
Accordingly, the order entered June 24, 2022, insofar as appealed from, is reversed, and the branches of respondents' motion seeking summary judgment dismissing the fifth and sixth causes of action are denied.
HOM, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024