■ CITY OF NEW YORK, Appellant, v CLAROSE CINEMA CORP., Respondent. [681 NYS2d 251] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered September 14, 1994, denying the plaintiff City's motion for summary judgment and to dismiss defendant's affirmative defenses in an action under a guaranty agreement, unanimously modified, on the law, to the extent of granting the City's motion for partial summary judgment on the issue of liability and the matter remanded for an assessment of damages and otherwise affirmed, without costs.

In August 1985 the City, having received an $800,000 grant from the United States Department of Housing and Urban Development, agreed to loan, subject to submission of a third-party guaranty, up to $800,000 to Movieland Associates in connection with the renovation of Loew's Victoria Theater in upper Manhattan. Movieland leased the theater from the Harlem

Urban Development Corporation, a wholly owned subsidiary of the New York State Urban Development Corporation, and it obtained a building and project loan from Chemical Bank secured by a SONYMA mortgage insurance policy. The guaranty agreement was executed by Cine Forty Second Street Theatre Corp., the predecessor-in-interest to defendant Clarose Cinema Corp.

The guaranty was an irrevocable and unconditional guaranty of full and prompt payment to the City of principal and interest due under the loan agreement. The guaranty agreement elsewhere provided that the guaranty was an "absolute, unconditional, present and continuing guaranty of payment and not of collection * * * and [is] completely independent of the obligations of any other person or entity and a separate cause of action * * * may be brought and prosecuted against Guarantor". The guaranty agreement also provided that the guarantor's obligation would not be affected by settlement, release, modification or other changes in the loan agreement between the debtor and the City, and that the City retained the right to proceed first against the guarantor without the need to exhaust other available remedies.

Movieland met its loan obligations until October 1, 1989, after which time it defaulted under the loan agreement, its lease obligations to the Harlem Urban Development Corporation, and the Chemical mortgage, after which SONYMA held the mortgage to the premises. After unsuccessful demands for payments and notices of default were served on Movieland, the City demanded payment from the guarantor on March 30, 1990 for all sums due under the note and loan agreement.

In July 1990, the City, the Harlem Urban Development Corporation and SONYMA entered into a new loan agreement with a new entity, Harlem-Victoria V, Inc., which borrowed $765,320 from the City to lease the theater. Since the SONYMA-Chemical mortgage encumbered the lease, SONYMA agreed to extend the term of the Chemical loan secured by the mortgage and Harlem-Victoria V, Inc. assumed these payment obligations. Movieland assigned its rights to the lease and fixtures to Harlem-Victoria V, Inc., the City released to Harlem-Victoria V, Inc. its mortgage rights pertaining to Movieland's outstanding debt, and the new debtor entered a loan agreement with the City secured by a mortgage on the lease which, to all appearances, is being paid. The new debtor also expressly assumed obligations under the original August 1985 agreement.

The City, moving for summary judgment, now seeks

$1,168,260.67 in principal, interest and administrative charges, as well as costs, expenses and reasonable attorneys' fees incurred by the City to enforce the guaranty, recoverable expenses under the agreement.

Despite the complexity of these multi-party arrangements, the critical instrument for present purposes is the guaranty agreement, which is independent and by its terms stands alone in imposing direct and primary obligations for payment on the guarantor. On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty (*BNY Fin. Corp. v Clare*, 172 AD2d 203; *Chemical Bank v Geronimo Auto Parts Corp.*, 225 AD2d 461). On this record, the City has established its prima facie case and is entitled to summary judgment as to liability. However, in view of the inequity of potentially allowing the City a double recovery of the same funds, the new debtor's continuing satisfaction of its own payment obligations, and the lack of clarity regarding whether these payments are actually reducing the original obligation or whether the obligation arise solely from funds independently loaned and conveyed in the second transaction, we remand for fact finding to assess damages, including specification of the amount actually left unsatisfied under the 1985 loan for which defendant is responsible. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.