■ CENTRE GREAT NECK, LLC, Appellant, v RITE AID CORPORATION, Respondent. [739 NYS2d 420] —In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated

August 28, 2000, which denied its motion for partial summary judgment.

Ordered that upon searching the record, the order is modified by adding a provision thereto granting partial summary judgment to the defendant dismissing so much of the complaint as sought to recover rent for the period after the issuance of a warrant of eviction; as so modified, the order is affirmed, with costs to the defendant.

The defendant, Rite Aid Corporation, was the guarantor on a 10-year lease under which Penn Encore, Inc. (hereinafter Penn Encore), was the tenant. Prior to the expiration of the lease, Penn Encore defaulted in the payment of rents and vacated the premises. Thereafter, the landlord, the plaintiff herein, obtained a judgment granting it a warrant of eviction. The plaintiff successfully brought two successive actions against Penn Encore and the defendant for rents which became due for periods of time after Penn Encore had vacated the premises. Subsequently, the plaintiff commenced this action against the defendant, based on the guarantee, for rents which became due for a different period of time after the granting of the warrant of eviction and, thereafter, moved for partial summary judgment. The motion was properly denied.

The issuance of the warrant of eviction terminated the landlord-tenant relationship (*see, Holy Props. v Cole Prods.,* 87 NY2d 130; *Iltit Assoc. v Sterner,* 63 AD2d 600). A reading of article 22 of the lease, in conjunction with paragraphs 36.02 (a) and (c) and 36.04 of the rider thereto, indicates that the tenant's obligation to pay rent terminated upon issuance of the warrant of eviction. Since the tenant's obligation to pay rent did not survive termination of the landlord-tenant relationship, the plaintiff cannot recover rents, as opposed to liquidated damages, from the defendant based on the guarantee (*see, Holy Props. v Cole Prods., supra*). Accordingly, upon searching the record, partial summary judgment should be granted to the defendant dismissing so much of the complaint as sought to collect the rents in question.

There is no merit to the plaintiff's contention that the defendant is barred by the doctrine of res judicata from contesting its liability for rents in the instant action (*see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.