■ Joyce Licini, Appellant, v Graceland Florist, Inc., et al., Appellants. [821 NYS2d 234]—

In an action to recover damages for breach of a commercial lease, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered April 14, 2005, which, after a nonjury trial, is in favor of the defendants and against her dismissing the complaint on the ground that the action is barred by res judicata and collateral estoppel.

Ordered that the judgment is affirmed, with costs.

On or about November 30, 1995 the defendant Graceland Florist, Inc. (hereinafter Graceland), entered into a lease with the plaintiff to allow Graceland to occupy a store located on the subject premises from December 1, 1995 to November 30, 2005. The lease provided that in the case of "dispossess by summary proceedings or otherwise, (a) the rent, and additional rent, shall become due thereupon and be paid up to the time of such reentry, dispossess and/or expiration."

Simultaneous with the execution of the lease, the defendant Joseph Edwards (hereinafter the guarantor) personally guaranteed the faithful performance of all the "terms, covenants, provisions and conditions of the Lease" by Graceland.

When rent was not paid for the months of September, October, and November of 1999, the plaintiff commenced a summary proceeding against Graceland and the subtenant seeking possession of the premises and back rent of $2,500 per month. The plaintiff recovered possession and obtained a judgment in the sum of $7,500 for the rent period of September through November 1999.

On or about March 1, 2000 the plaintiff commenced a second action in the Yonkers City Court against Graceland and the guarantor seeking rent for October, November, and December of 1999, and January, February, and March of 2000, for a total of $15,000 plus an attorney's fee in the sum of $3,500. After trial in that action, the plaintiff was awarded rent for those six months. However, the Yonkers City Court found that the plaintiff failed to establish the defendants' obligation to pay for repairs. The court found that the plaintiff "failed to establish any basis for the retention by her of any of the $7,500 security deposit" and deducted that sum from the $15,000 awarded for unpaid rent.

After repairs to the premises were made, the plaintiff re-let the premises on or about December 15, 2000. The instant action to recover damages for breach of a commercial lease was commenced in 2001 for: (1) lost rent for the period beginning March 1, 2000 and ending December 15, 2000, (2) expenses incurred to prepare the premises for re-letting, (3) deficiency between the rent to have been paid pursuant to the original lease and the rents to be collected in that same period pursuant to the new lease, and (4) an attorney's fee.

The issuance of a warrant of eviction terminated the landlord-tenant relationship and Graceland's obligation to pay rent (*see Centre Great Neck v Rite Aid Corp.*, 292 AD2d 484, 485 [2002]).

Moreover, enforcement of any obligation of Graceland and the guarantor to pay liquidated damages, including the expenses of necessary repairs, is barred by the doctrine of res judicata (*see Emery Roth & Sons v National Kinney Corp.*, 44 NY2d 912 [1978]). The doctrine of res judicata "operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding" (*Koether v Generalow*, 213 AD2d 379, 380 [1995] [internal quotation marks omitted]).

The plaintiff and the defendants were parties in the Yonkers City Court action, as well as in the present action. The plaintiff had a full and fair opportunity to litigate the issue of damages resulting from the breach of the commercial lease in the Yonkers City Court action. The determination by the Yonkers City Court that the plaintiff failed to prove additional damages does not give her the right to re-assert her claim in a new action. The fact that the plaintiff chose the Yonkers City Court, which has a jurisdictional limit of $15,000 (*see* UCCA 202), does not give her the right to sue for additional damages later (*see Silberstein v Begun*, 232 NY 319 [1922]).

In view of the foregoing, the instant action was properly dismissed. Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.