Order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 24, 2011, which, upon granting plaintiff landlord’s motion for reargument, adhered to the original order, same court and Justice, entered June 29, 2010, which denied plaintiff’s motion for summary judgment, unanimously affirmed, with costs.
Plaintiff landlord correctly asserts that the guarantees and the leases are entirely separate documents, the former imposing obligations on the guarantors and the latter imposing obligations on landlord and tenant. Thus, landlord correctly further asserts that the fact that the guarantors’ liability may have been “cut off” by virtue of their giving “vacate date” notice under the “good guy” provisions of the respective guaranties, and the tenant’s subsequent vacatur of the premises, do not limit tenant’s exposure for unpaid rent. As such the motion court erred in finding that the noticed vacate dates terminated landlord’s ability to apply security deposits to rent thereafter. However, defendants established as a matter of law that no rent was due from tenant, at least for any period after the undisputed February 16, 2006 eviction of tenant by the City Marshal. “Eviction as a defense to a claim for rent does not depend upon a covenant for quiet enjoyment ... It suspends the obligation of payment either in whole or in part, because it involves a failure of the consideration for which rent is paid” (Fifth Ave. Bldg. Co. v Kernochan, 221 NY 370, 372 [1917]). The issuance of the warrant terminated the landlord-tenant relationship and tenant’s obligation to pay rent (see Licini v Graceland Florist, Inc., 32 AD3d 825, 826 [2006]). Accordingly, landlord erroneously applied the security deposit to the months of March through June 2006, because no rent was due from tenant. Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Baniels and Roman, JJ.