■ 4 USS LLC, as Successor in Interest to 40 EAST 14 REALTY ASSOCIATES LLC, Appellant, v DSW MS LLC, as Successor in Interest to RETAIL VENTURES, INC., Respondent. [992 NYS2d 515]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 25, 2013, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the breach of contract cause of action, unanimously reversed, on the law, with costs, the motion granted with respect to the breach of contract cause of action, and the matter remanded for an immediate trial before a referee on the amount of recoverable damages.

On January 27, 2004, nonparties 40 East 14 Realty Associates LLC (40 East), the landlord, and Filene's Basement, Inc. (Filene's), the tenant, entered into a 20-year lease of premises located at 4 Union Square South. Retail Ventures, Inc. (RVI), Filene's then-parent and defendant's predecessor, executed an "absolute and unconditional guaranty of payment (and not of collection) and of performance" under the lease by a writing dated January 13, 2004. 40 East assigned the lease to plaintiff in April 2009 when it became plaintiff's general member.

Section 16.1 of the lease defined the tenant's failure to pay rent when due as well as the tenant's filing of a voluntary bankruptcy proceeding as "events of default" that would cause the termination of the lease. Section 17.2 (A) (1) and (2) of the lease provided, in pertinent part, that upon such termination, the tenant would be required to pay the landlord "all Fixed Rent, Tax Payments, Operating Payments, Percentage Rent and other items of Rental payable under th[e] Lease by Tenant to Landlord . . . [plus] any deficiency . . . between the Rental for the period which otherwise would have constituted the unexpired portion of the Term and the net amount, if any, of rents collected under any reletting effected" pursuant to the lease.

On May 4, 2009, Filene's, along with its affiliates, filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (11 USC § 1101 *et seq.*) in the United States Bankruptcy Court for the District of Delaware. On June 17, 2009, the bankruptcy court issued an asset purchase order authorizing Filene's to assume the lease and assign it to SYL LLC, which succeeded Filene's as the tenant. The following day, plaintiff and SYL entered into a lease modification, to be discussed below, which constitutes the basis for defendant's opposition to the instant motion for summary judgment. In

November 2011, SYL defaulted under the lease by failing to make payments due and by filing its own voluntary petition in bankruptcy. The lease was surrendered by SYL and rejected by the bankruptcy court. On December 1, 2011, plaintiff invoked the guaranty and demanded that RVI pay all sums then due and to become due under the lease. Plaintiff's letter cited SYL's defaults under the lease. By response dated December 7, 2011, defendant, RVI's successor, denied liability on the guaranty, asserting that the modification effectively destroyed "the value of the Lease, rendering it uneconomic and unmarketable, to the detriment of both Tenant, a chapter 11 debtor, and Guarantor." Defendant further asserted that "[s]uch a material and unexpected departure from the original terms of the Lease has the effect, as a matter of law and equity, of abrogating the Guarantee." In a subsequent letter to defendant dated January 23, 2012, plaintiff stated that the amounts it demanded under the guaranty "do not include any additional obligations of Tenant under any modification to the Lease . . . ." Defendant did not respond to that letter and plaintiff brought suit on February 10, 2012. The first cause of action is based on a contract theory; the second is for a judgment declaring defendant's liability on the guaranty. Plaintiff explicitly states in the complaint: "Through this action, Landlord is not seeking from the Guarantor any additional obligations of Tenant under the Modification, but only the payment of those obligations due and owing under the Lease."

This dispute centers on the application of the third and seventeenth paragraphs of the guaranty. The third paragraph provides: "This Guaranty shall be a continuing guaranty, and the liability of the Guarantor hereunder shall in no way be affected, modified or diminished by reason of (a) any assignment, renewal, modification, amendment, or extension of the Lease, or (b) any modification or waiver of or change in any of the terms, covenants and conditions of the Lease by Landlord and Tenant . . . or (f) any bankruptcy, insolvency, reorganization, liquidation, arrangement, assignment for the benefit of creditors, receivership, trusteeship or similar proceeding affecting Tenant, whether or not notice thereof is given to Guarantor." The seventeenth paragraph of the guaranty provides: "Notwithstanding anything to the contrary contained herein . . . Guarantor acknowledges, agrees and covenants that Guarantor shall continue to be liable pursuant to this Guaranty notwithstanding the occurrence of any of the events set forth in subdivisions (a) and (b) of the third paragraph of the Guaranty, provided only that the extent of Guarantor's liability pursuant to this Guaranty shall not be increased by reason of the occurrence of such event(s), except if at the time any such event(s) occur, the

Tenant pursuant to the Lease is an Affiliate of Guarantor or if Guarantor has notice of and consents to the occurrence of such event(s), such liability of Guarantor shall be increased accordingly." SYL was not an affiliate of defendant, the guarantor. Nor did defendant have notice of and consent to the June 18, 2009 modification of the lease. Therefore, by operation of the third and seventeenth paragraphs, defendant's exposure on the guaranty was neither diminished nor increased by the modification.

On the basis of Filene's 2009 defaults, plaintiff made a prima facie showing of its entitlement to summary judgment on the contract cause of action. "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (*City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1st Dept 1998]). Defendant opposed summary judgment on the following grounds: (1) the modification "voided the Guaranty as a matter of law, because it materially increased the risk that there would be a call upon the Guaranty and was not the type of commercially-reasonable modification that [defendant] could have anticipated"; (2) "[plaintiff] breached the Guaranty's implied covenant of good faith and fair dealing by engineering the First Modification because [plaintiff] was prohibited from taking any actions that would result in a call upon the Guaranty"; and (3) "under the plain terms of the Guaranty, [defendant] has no liability—the 'extent of' [defendant's] liability could not be increased by reason of a lease modification, and absent the First Modification, [defendant] would have had no liability because the original Lease would have been assumed by a new tenant without a call upon the Guaranty."

Defendant's arguments miss the mark because they are entirely focused on the modification. The record discloses that the modification was entered into after Filene's defaulted under the lease and after the guarantor's liability had already been triggered. As stated above, the complaint makes it clear that plaintiff is not seeking a recovery for any of the tenant's obligations under the modification. As plaintiff's counsel argued before the motion court, "the guarantor's liability is capped at the amount of the original lease . . . ." Defendant has therefore failed to raise a triable issue of fact with respect to its liability under the contract cause of action.*

*404 Park Partners, L.P. v Lerner* (75 AD3d 481 [1st Dept

---

* We note parenthetically that it would not have availed defendant to argue that it was given late notice or even no notice of Filene's default. The second

2010]), which the motion court cited, is distinguishable because it involved an issue as to whether a guarantor consented to the terms of a renewed lease, where the guarantor did not sign a new guaranty for the renewed lease. Here, plaintiff is not seeking to recover under a new lease; rather, as noted, it is seeking to recover under the terms of the lease, prior to its modification. The amount of plaintiff's damages should be determined by a referee in light of the jury waiver set forth in the guaranty. Concur—Saxe, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ.

and third paragraphs of the guaranty provide that the guaranty is effective with respect to the relevant defaults whether or not notice thereof is given to the guarantor.