■ H.L. REALTY, LLC, Respondent, v WALTER EDWARDS et al., Appellants. (And a Third-Party Action.) [15 NYS3d 413]—

In an action to recover on a personal guaranty, the defendant Walter Edwards appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated May 5, 2014, as granted the plaintiff's motion for summary judgment on the issue of liability against him, and denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the defendant Kim Edwards, Inc., also appeals from the order.

Ordered that the appeal by the defendant Kim Edwards, Inc., is dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Walter Edwards; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Walter Edwards.

The plaintiff is the owner of retail property located in Greenlawn, New York. On August 21, 2003, the plaintiff entered into a 10-year lease of the property with the defendant Kim Edwards, Inc. (hereinafter KEI). At the same time, the defendant Walter Edwards (hereinafter the appellant), executed a personal guaranty of KEI's payment obligations under the lease. In pertinent part, the guaranty stated as follows: "[The guarantor] does hereby . . . unconditionally and irrevocably guarantee the full and prompt payment by Tenant of *all amounts due under such Lease as the same may be renewed, extended, amended or modified.* . . . This Guaranty shall be a continuing guaranty and liability hereunder shall in no way be affected or diminished by any renewal, extension, amendment or modification of the Lease or any waiver of any of the provisions thereof. The Guarantor hereby waives any notice of default under the Lease" (emphasis added).

By assignment and assumption of the lease dated January 16, 2009, KEI assigned the lease to the third-party defendant, Angelina Liquors, Inc. (hereinafter Angelina). The assignment was executed by the appellant, both in his capacity as guaran-

tor and on behalf of KEI. By agreement also dated January 16, 2009, the plaintiff, along with KEI, as tenant, and the appellant, as guarantor, entered into a lease extension referable to the premises. This agreement extended the lease term until August 31, 2018, and stated, inter alia, that "the Guarantor has agreed to allow his guaranty to remain in full force and effect throughout the term of said Lease as extended hereby." Further, the agreement stated that "[b]y his signature hereunder, Walter Edwards hereby ratifies and confirms that his guaranty of the aforementioned Lease shall remain in full force and effect throughout the term thereof, to wit, August 31, 2018, and hereby consents to any assignment of said Lease during said period."

At some point thereafter, Angelina defaulted in the payment of rent, and the plaintiff commenced a nonpayment proceeding against Angelina in the District Court, Suffolk County. In February 2013, that proceeding was settled by a stipulation, pursuant to which Angelina agreed to the entry of a money judgment against it, representing certain rent arrears, as well as to the entry of a judgment of possession in favor of the plaintiff. The stipulation also recited that "the parties further agree and understand that future rent must be timely paid in addition to any amount paid toward arrears." The appellant and KEI were not parties to the District Court proceeding. Angelina subsequently vacated the premises, and the plaintiff assumed possession thereof.

In November 2013, the plaintiff commenced this action against KEI and the appellant seeking to recover on the guaranty. The plaintiff moved for summary judgment on the issue of liability against the appellant, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the appellant. The Supreme Court, inter alia, granted the plaintiff's motion and denied that branch of the defendants' motion.

"On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (*City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1998]; *see 4 USS LLC v DSW MS LLC*, 120 AD3d 1049 [2014]). Here, the terms of the guaranty were unambiguous and unconditional, and the plaintiff otherwise met its prima facie burden on its motion for summary judgment. In opposition, the appellant failed to raise a triable issue of fact.

While we agree with our dissenting colleague that the

landlord-tenant relationship between Angelina and the plaintiff ended after Angelina vacated the premises and the plaintiff assumed possession, we disagree that such a circumstance operated to terminate the appellant's liability under the guaranty. "Although an eviction terminates the landlord-tenant relationship, the parties to a lease are not foreclosed from contracting as they please" (*Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). Where a lease provides that a landlord is under no duty to mitigate damages after its reentry by virtue of its successful prosecution of a summary proceeding, and that the tenant remains liable for damages, "[the tenant] remain[s] liable for all monetary obligations arising under the lease" (*id.* at 134).

Here, the lease did not obligate the plaintiff to mitigate damages after reentry by virtue of its successful prosecution of a summary proceeding, and specifically provided that in the event of such reentry, "tenant shall also pay owner as liquidated damages . . . any deficiency between the rent hereby received and or covenanted to be paid and the net amount, *if any*, of the rent collected on account of the subsequent lease or leases of the demised premises for each month of the period which would otherwise have constituted the balance of the term of this lease." Thus, although the tenant no longer remained liable for *rent* after it vacated the premises, it was liable for liquidated damages, which could be as much as the balance of rent due under the original term of the lease, since the plaintiff was under no obligation to rent to a new tenant for the balance of the term. Moreover, the guaranty specifically stated that the appellant guaranteed "the full and prompt payment by Tenant of *all amounts due under [the] lease.*" Accordingly, the plaintiff was entitled to seek from the appellant the liquidated damages for which the tenant was liable under the lease even after the termination of the landlord-tenant relationship (*see 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc.*, 24 NY3d 528, 535 [2014]; *cf. Centre Great Neck v Rite Aid Corp.*, 292 AD2d 484 [2002]).

This is true regardless of the terms of the stipulation which settled the summary proceeding between the plaintiff and Angelina, since the stipulation covered only Angelina's liability for rent. While a guarantor may be relieved of the guaranty where the original obligation is altered without his or her consent, contrary to the appellant's contention, the stipulation of settlement between the plaintiff and Angelina did not vitiate either Angelina's obligation to pay liquidated damages or the appellant's guaranty of that obligation under the unconditional

guaranty (*see White Rose Food v Saleh,* 99 NY2d 589 [2003]; *Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312 [1989]; *cf. Lo-Ho LLC v Batista,* 62 AD3d 558 [2009]). In addition, as indicated, in the January 16, 2009, lease extension agreement executed by the plaintiff and the defendants, the appellant specifically agreed that his guaranty would "remain in full force and effect."

The appellant's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the guaranty against the appellant and, consequently, also properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Dillon, J.P., Leventhal and Sgroi. JJ., concur.

Hinds-Radix, J., dissents and votes to reverse the order insofar as appealed from, on the law, deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Walter Edwards, and grant that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Walter Edwards, with the following memorandum: On August 21, 2003, the plaintiff landlord entered into a 10-year lease of certain retail property to Kim Edwards, Inc. (hereinafter KEI), for use as a beauty parlor and hair salon. The lease provided that, upon the tenant's default, rent was to be paid until the landlord's reentry, and the tenant would also be liable for liquidated damages, inter alia, for any deficiency between the amount of rent collected by the landlord upon a new lease, and the rent provided in the lease in question. On the same day that the lease was executed, the appellant, Walter Edwards, executed a guaranty in favor of the landlord, which provided that he was liable for "all amounts due under such Lease as the same may be renewed, extended, amended or modified. . . . This Guaranty shall be a continuing guaranty and liability hereunder shall in no way be affected or diminished by any renewal, extension, amendment or modification of the Lease or any waiver of any of the provisions thereof. The Guarantor hereby waives any notice of default under the Lease."

In 2009, the landlord, along with KEI, as tenant, and the appellant, as guarantor, agreed to extend the term of the lease until August 31, 2018. That same day, KEI assigned the lease to the third-party defendant, Angelina Liquors, Inc. (hereinaf-

ter Angelina), for use as a liquor store. Angelina assumed the obligations under the lease, and the appellant executed the assignment in his capacity as guarantor, and on behalf of KEI.

Angelina claimed that, in or around 2011, the landlord breached the covenant of quiet enjoyment, which induced Angelina to stop paying rent. In February 2013, the landlord commenced a proceeding in the District Court, Suffolk County, relating to Angelina's nonpayment of rent. The landlord and Angelina entered into a stipulation of settlement, whereby Angelina agreed to vacate the premises, and to the entry of judgment against it in the sum of $8,133.40 in rent arrears. The stipulation further stated that "future rent must be timely paid in addition to any amount paid toward arrears. Failure to make a payment of future rent cannot be the basis of default under the terms of this stipulation, nor can future rent be included in the above judgment." It is undisputed that Angelina timely vacated the premises, and that the landlord assumed possession.

In November 2013, the landlord commenced the instant action against KEI and the appellant to recover "payments in the amount due" in the sum of $129,001.87, plus $30,000 in attorneys' fees. In their answer, the defendants asserted that the appellant had no knowledge of the stipulation of settlement and, therefore, was not liable to the landlord for the amounts claimed.

After issue was joined, the landlord moved for summary judgment on the issue of liability against the appellant, arguing that the appellant had no defense to the matter, and "[t]he only issue is the amount due." The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the appellant, asserting that the stipulation of settlement which was executed between the landlord and Angelina, without the appellant's knowledge or consent, "materially altered and, consequently, discharged [his] purported obligations under the Guaranty." In opposition to the cross motion, the landlord's counsel submitted an affirmation, in which he argued that the stipulation of settlement did not relieve the appellant of his obligation under the guaranty, which was reaffirmed upon the assignment of the lease to Angelina, and which was not affected by the stipulation of settlement between the landlord and Angelina.

The Supreme Court granted the landlord's motion for summary judgment on the issue of liability against the appellant. The court concluded that the lease was not modified by the stipulation of settlement and, in any event, the guaranty stated

that the appellant's obligations were not affected by the renewal, extension, amendment, or modification of the lease. The court further found that "the Lease contains provisions which grant certain remedies and rights in the event of a default," and "[i]t was within the contemplation of the parties that those rights and remedies would be exercised."

Once Angelina vacated the premises and the landlord assumed possession, the landlord-tenant relationship was terminated (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). At that juncture, the tenant's obligation to pay rent terminated (*see Centre Great Neck v Rite Aid Corp.*, 292 AD2d 484, 485 [2002]; *see also Licini v Graceland Florist, Inc.*, 32 AD3d 825, 826 [2006]).

The landlord's primary argument is that the stipulation of settlement made provision for payment of rent after the landlord-tenant relationship was terminated. However, a guaranty is strictly construed, and cannot be altered without the consent of the guarantor (*see White Rose Food v Saleh*, 99 NY2d 589, 591 [2003]). Although the appellant agreed to guarantee obligations under the lease "as same may be renewed, extended, amended or modified," once the lease terminated, the lease could no longer be renewed, extended, amended, or modified (*see Lo-Ho LLC v Batista*, 62 AD3d 558 [2009]).

The lease provided for liquidated damages upon termination of the lease, and the gravamen of the landlord's claim is, in effect, for liquidated damages, which is different from rent (*see Centre Great Neck v Rite Aid Corp.*, 292 AD2d at 485; *see also Licini v Graceland Florist, Inc.*, 32 AD3d at 826). Essentially, the landlord contends that, pursuant to the terms of the stipulation between it and Angelina, liquidated damages amounted to the full amount of future rents, which was a modification of the definition of liquidated damages provided for in the original lease.

However, the stipulation does not equate rent with liquidated damages; rather, it makes no reference to liquidated damages. The stipulation constituted a new contract between the landlord and the tenant.

If that stipulation is interpreted as the landlord would have us interpret it—i.e., that the stipulation required, as liquidated damages, the payment in full of rent which would have been due had the lease been continued—it changed the definition of liquidated damages in the lease, which was any deficiency between the amount of rent provided for in the lease and any rent collected by the landlord upon a new lease. Thus, the stip-

ulation constituted a new contract between the landlord and the principal obligor as to damages due upon termination of the lease.

The landlord cannot seek damages under the original lease and the extension of the lease, since those obligations were altered by the stipulation of settlement. The alteration of those obligations, without the guarantor's knowledge or consent, terminated the guarantor's obligation as a matter of law (*see Mount Vernon City School Dist. v Nova Cas. Co.*, 19 NY3d 28, 35 [2012]; *Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315 [1989]). Accordingly, I would reverse the order insofar as appealed from.