Consorcia Mgt. LLC v Mushahwar (2024 NY Slip Op 01156)

Consorcia Mgt. LLC v Mushahwar

2024 NY Slip Op 01156

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 650808/22 Appeal No. 1796-1797 Case No. 2022-03584, 2023-01822 

[*1]Consorcia Management LLC, Plaintiff-Respondent,
v
Stephen Mushahwar, Defendant-Appellant.

Leech Tishman Robinson Brog LLC, New York (Matthew Cono Capozzoli of counsel), for appellant.
Ievgeniia P. Vatrenko, Brooklyn, for respondent.

Judgment, Supreme Court, New York County (Melissa Crane, J.), entered July 6, 2022, awarding plaintiff the total amount of $551,922.62, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 23, 2022, which granted plaintiff's motion for summary judgment in lieu of complaint enforcing a personal guaranty, unanimously dismissed, without costs, as subsumed in the appeal of the judgment.
In order to obtain summary judgment on a personal guaranty, a plaintiff must show "an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (4 USS LLC v DSW MS LLC, 120 AD3d 1049, 1051 [1st Dept 2014]). Plaintiff here met this burden through the submission of the loan documents, promissory note, notice of default, and affidavit of its principal.
Contrary to plaintiff's assertion, the affidavits from other actions involving related parties submitted by defendant were not "self-serving" and did not contradict any prior statement or documentary evidence (cf. New Dance Group Studio v Seltzer, 293 AD2d 298, 299 [1st Dept 2002]).
Nevertheless, defendant's claim that the underlying debt should have been paid out of monies plaintiff held for debtor under a separate agreement and relationship was the subject of other litigation and is separable from plaintiff's claim to payment here (Quadrant Mgt. Inc. v Hecker, 102 AD3d 410, 411 [1st Dept 2013]). Therefore, defendant failed to raise an issue of fact as to plaintiff's entitlement to judgment on the guaranty.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024