## Apsec Resolution, LLC v West 21st Assoc. LLC

2024 NY Slip Op 33859(U)

October 25, 2024

Supreme Court, New York County

Docket Number: Index No. 850497/2023

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. FRANCIS A. KAHN, III      PART          32

                                    *Justice*

-----------------------------------------------------------------------------X

APSEC RESOLUTION, LLC,A DELAWARE LIMITED
LIABILITY COMPANY,

                         Plaintiff,

              - v -

WEST 21ST ASSOCIATES LLC,MORRIS MEHRABAN,
HESKY HAIM, ISAAC SIADMEHR, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, JOHN DOE, JANE
DOE

                       Defendant.

-----------------------------------------------------------------------------X

| INDEX NO. | 850497/2023 |
|---|---|
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for              JUDGMENT - SUMMARY           .

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a mortgage encumbering a parcel of commercial real property located at 34 West 21st Street, New York, New York. The consolidated mortgage, dated December 29, 2021, was given by Defendant West 21st Associates LLC ("West") to non-party Bank of Hope ("Hope") to secure loans with a total original principal amount of $6,550,000.00. The indebtedness is memorialized by three notes dated August 5, 2016, June 25, 2020, and December 29, 2021. The mortgage subject to foreclosure was executed by Defendant Hesky Haim ("Haim") as Manager of West. All the notes were also executed by Haim and two of the three were also executed by Defendants Morris Mehraban ("Mehraban") and Isaac Saidmehr ("Saidmehr"). Concomitantly with the initial note, Defendants Haim, Mehraban and Saidmehr executed a commercial guaranty of the indebtedness.

Plaintiff commenced this action and pled in the complaint that Defendants defaulted in repayment on the maturity date January 5, 2023. Defendants West, Haim and Saidmehr and pled eleven affirmative defenses, including lack of standing. Defendant Mehraban answered and pled twelve affirmative defenses, also including lack of standing. Now, Plaintiff moves for summary judgment against the appearing Defendants, to strike their answer and affirmative defenses, a default judgment against the non-appearing Defendants, an order of reference and to amend the caption. Defendants oppose the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]).

850497/2023  APSEC RESOLUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs.
WEST 21ST ASSOCIATES LLC ET AL
Motion No. 001

Page 1 of 6

[* 1]

Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). As to the Mortgagor's default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). In support of a motion for summary judgment on a cause of action for foreclosure, a plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affirmation from Catherine Lee, ("Lee"), Managing Director of Plaintiff. Lee avers that the submission was based upon a review of Plaintiff's records and personal knowledge of "the notes and mortgages in issue and the facts surrounding the loan". Lee's affidavit laid a proper foundation for the admission of Plaintiff's records into evidence under CPLR §4518 by sufficiently showing that the records "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record[s][were] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record[s] [were] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). The records of other entities were also admissible since Lee established that those records were received from the makers and incorporated into the records Plaintiff kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza,* 191 AD3d 918 [2d Dept 2021]). Further, the records referenced by Lee were annexed to the affirmation (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]).

Lee's review of the attached records demonstrated the material facts underlying the claim for foreclosure, to wit the mortgage, note, and evidence of mortgagor's default in repayment under the note (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]; *see also Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra). Accordingly, Plaintiff established its entitlement to summary judgment on its cause of action for foreclosure against Defendant Retail.

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). As relevant in this case, standing can be demonstrated by a written assignment of the underlying note (*see Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2d Dept 2016]). Although a written assignment of a mortgage is often a nullity in this context (*see eg U.S. Bank N.A. v Dellarmo,* 94 AD3d 746, 748 [2d Dept 2012]), the assignment herein, dated June 7, 2023, provides the mortgages were transferred "TOGETHER with all interest secured thereby, the note or notes therein described or referred to, the money due and to become due thereon with interest". This language sufficiently established conveyance of the notes (*see Broome Lender LLC v Empire Broome LLC*, 220 AD3d 611 [1st Dept 2023]; *US Bank Natl. Assn. v Ezugwu*, 162 AD3d 613 [1st Dept 2018]; *see*

850497/2023 APSEC RESOLUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs.
WEST 21ST ASSOCIATES LLC ET AL
Motion No. 001

Page 2 of 6

[* 2]

2 of 6

*also Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307 [3d Dept 2012]; *GRP Loan, LLC v Taylor*, 95 AD3d 1172 [2d Dept 2012]).

As to the guarantors, "'[o]n a motion for summary judgment to enforce a written guaranty all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty'" (*see 4 USS LLC v DSW MS LLC*, 120 AD3d 1049, 1051 [1st Dept 2014], *quoting City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1st Dept 1998]). Here, all the guarantees provide that the signatories "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender". The affidavit submitted by Plaintiff and the supporting documents demonstrated a *prima facie* case for summary judgment against West, Haim, Saidmehr and Mehraban.

In opposition, Defendants' claim that Plaintiff failed to demonstrate all the elements of a cause of action for foreclosure is without merit. The affidavit and proffered business documents were all in admissible form. Indeed, since none of the salient facts on these issues were contradicted by any of the appearing defendants, they are "deemed to be admitted" (*Bank of Am NA v Brannon*, 156 AD3d, 1, 6 [1st Dept 2017]). The claim that proof of the default was inadequate is inapposite. Plaintiff proffered the records of the original lender, Hope, which contain a ledger of the financial transactions under the loan.

The argument that the complaint is vague and non-specific is misplaced. To pass muster, "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*298 Humboldt, LLC, v Torres*, 197 AD3d 1081, 1083 [2d Dept 2021], *quoting Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "Even if the pleadings 'reek of miserable draftsmanship,' if they state any cause of action, no motion under CPLR 3211 (a) (7) will stand (*id at* 997, *citing* Siegel, NY Prac § 208, at 301 [2d ed 1991]). Here, the argument that the complaint is insufficiently pled is nothing more than an exercise in semantics (*see J.P. Morgan Mtge. Acquisition Corp. v South Homes, Inc.*, 189 AD3d 1381 [2d Dept 2020]; *Agin v Krest Assocs.*, 157 Misc. 2d 994 [Sup Ct NY Cty 1992]).

That the amount due may not be correctly stated in the pleading is not a defect and, indeed, customary in a foreclosure proceeding. The amount due is not determined until the referee conducts a computation and it is sufficient for pleading purposes that the principal balance and the categories of other charges sought are pled (*see* 2 Bergman on New York Mortgage Foreclosures §6.02[6][2024]). Disputes as to the amount owed are also not a defense to a motion for summary judgment on a foreclosure cause of action (*see eg Emigrant Bank v Cohen*, 205 AD3d 103, 109 [2d Dept 2022]; *Heywood Condominium v Rozencraft*, 148 AD3d 38 [1st Dept 2017]; *see also NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092 [2nd Dept 2012]). This is because the amount owed does not affect the validity of a mortgage nor whether a mortgagor defaulted (*see Johnson v Gaughan*, 128 AD2d 756, 757 [2d Dept 1987]).

Regarding Defendants' right to redeem, they do not cite, and the Court could not find, any contractual provision requiring Plaintiff to issue a payoff letter prior to commencing foreclosure proceedings. It appears, though, a borrower is entitled to payoff figures from a lender as an adjunct of the common-law right to redeem (*see Luna Light., Inc. v Just Indus., Inc.*, 45 AD3d 814, 816 [2d Dept 2007]["[Borrower] is entitled to redeem the subject real property, and is entitled to a calculation of the redemption price"]; *see also* 1 Bergman on New York Mortgage Foreclosures §4.07 [2023]). However, Defendants do not claim they have demanded Plaintiff issued a payoff statement. Rather, they only posit that the amounts sought should be adjusted.

As to the branch of Plaintiff's motion to dismiss Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov*, 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

All the affirmative defenses and counterclaims are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that no specific legal argument was proffered in support of a particular affirmative defense or claim, they were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-1 Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted without opposition (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its foreclosure claim against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that the branch of Plaintiff's motion for summary judgment on its claim under the guarantees against Defendants West, Haim, Saidmehr and Mehraban is granted; and it is further

ORDERED that the affirmative defenses pled by all the appearing Defendants are dismissed; and it is further

ORDERED that **Jeffrey R. Miller, Esq, 32 Broadway, 13th Floor, New York, New York 10004, 212-227-4200** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

**850497/2023 APSEC RESOLUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs.**
**WEST 21ST ASSOCIATES LLC ET AL**
**Motion No. 001**

**Page 4 of 6**

[* 4]

4 of 6

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that John Doe and Jane Doe 1-6 are removed as defendants in this action and the caption of this action is amended to reflect the removal of John Doe and Jane Doe 1-6 as defendants; and it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
APSEC Resolution, LLC, a Delaware limited
liability company,

                           Plaintiff,

                           -against-

West 21st Associates LLC, Morris Mehraban,
Hesky Haim, Isaac Siadmehr, New York City
Environmental Control Board,

850497/2023   APSEC RESOLUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs.      Page 5 of 6
WEST 21ST ASSOCIATES LLC ET AL
Motion No. 001

5 of 6

Defendants.

-----------------------------------------------------------------------X

and it is further,

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **February 26, 2025, at 10:40 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

| 10/25/2024 | | |
|---|---|---|
| DATE | | |

HON. FRANCIS KAHN, III, A.J.S.C.
FRANCIS KAHN, III, A.J.S.C.
J.S.C.

CHECK ONE:
- [ ] CASE DISPOSED
- [X] GRANTED
- [ ] DENIED
- [X] NON-FINAL DISPOSITION
- [ ] GRANTED IN PART
- [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [X] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

850497/2023   APSEC RESOLUTION, LLC, A DELAWARE LIMITED LIABILITY COMPANY vs.
WEST 21ST ASSOCIATES LLC ET AL
Motion No. 001

Page 6 of 6

6 of 6

[* 6]