ZFA Mgt., LLC v Heng Chen (2025 NY Slip Op 04599)

ZFA Mgt., LLC v Heng Chen

2025 NY Slip Op 04599

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-00723
 (Index No. 715583/22)

[*1]ZFA Management, LLC, respondent, 
v
Heng Chen, et al., appellants.

Law Office of Chen & Associates, P.C. (David Yan, P.C., Flushing, NY, of counsel), for appellants.
Geng & Associates, P.C., Flushing, NY (Andrew D. Solomon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the defendants appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered December 7, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action and, in effect, dismissing the defendants' affirmative defenses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover on a personal guaranty. The plaintiff alleged that it entered into a license agreement with nonparty Red Sun City Corp. (hereinafter Red Sun) for Red Sun's use of certain commercial property, and the defendants executed a personal guaranty on Red Sun's obligation under the license agreement. The plaintiff further alleged that Red Sun failed to perform its obligations under the license agreement and that the defendants failed to satisfy their obligations under the guaranty. The defendants interposed an answer with, among other things, twelve affirmative defenses.
The plaintiff moved, inter alia, for summary judgment on the first cause of action which was to recover on the guaranty, and, in effect, dismissing the defendants' affirmative defenses. In an order entered December 7, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
"A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]; see 20 Rewe St., Ltd. v Zheng, 228 AD3d 607, 608). "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (20 Rewe St., Ltd. v Zheng, 228 AD3d at 608 [internal quotation marks omitted]; see H.L. Realty, LLC v Edwards, 131 AD3d 573, 574).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the first cause of action by demonstrating that the defendants unconditionally guaranteed the payment of Red Sun's obligations under the license agreement, Red Sun defaulted on its obligations under the license agreement, and the defendants defaulted on their obligations under the guaranty (see 20 Rewe St., Ltd. v Zheng, 228 AD3d at 608; Ashley Young, LLC v Metro Light. Group, Inc., 219 AD3d 677, 678; Hyman v Golio, 134 AD3d 992, 993; H.L. Realty, LLC v Edwards, 131 AD3d at 574). In opposition, the defendants failed to raise a triable issue of fact (see 20 Rewe St., Ltd. v Zheng, 228 AD3d at 608; H.L. Realty, LLC v Edwards, 131 AD3d at 574).
The defendants' contention that the Supreme Court should not have directed dismissal of their affirmative defenses is improperly raised for the first time on appeal.
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court